United States District Court
Southern District of Texas
**ENTERED**
May 12, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JOHNNY LEE DAVIS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 2:22-CV-00076 |
| | § | |
| ISAAC K. KWARTENG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Plaintiff Johnny Lee Davis, a Texas inmate proceeding pro se and *in forma pauperis*, filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Defendants' Motion to Dismiss (D.E. 16), Plaintiff's response (D.E. 17), and Plaintiff's Motion for Declaratory Judgment (D.E. 18). On February 15, 2023, United States Magistrate Judge Julie K. Hampton issued a Memorandum and Recommendation (M&R, D.E. 19), recommending that Defendants' Motion to Dismiss be granted and Plaintiff's Motion for Declaratory Judgment be denied as moot. Plaintiff timely filed his objections (D.E. 20) to the M&R, each of which is addressed below.

First, Plaintiff objects to the Magistrate Judge's analysis, urging that his pro se pleadings be construed liberally based on *Haines v. Kerner*, 404 U.S. 519 (1972). D.E. 20, p. 1. The M&R reasoned that dismissal is warranted because Plaintiff failed to exhaust his administrative remedies. D.E. 19, pp. 11-13. The Magistrate Judge properly construed

1

Plaintiff's pleadings as required under the liberal pro se standard. Plaintiff's first objection is therefore **OVERRULED**.

Second, Plaintiff objects stating that his claim is not barred by res judicata and arguing that he still has the ability to bring an individual claim for damages related to the denial of Hepatitis-C treatment after being a class member in *Roppolo v. Linthicum,* 2:19-CV-262 (S.D. Tex. filed Sept. 11, 2019). D.E. 20, pp. 1-2. The M&R's analysis does not depend on res judicata or whether Plaintiff could bring this claim in the first place. This objection is therefore improper and **OVERRULED**. *See Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003) (to be considered, the objection must point out with particularity a relevant error in the magistrate judge's analysis).

Third, Plaintiff objects regarding the Magistrate Judge's analysis of his exhaustion of administrative remedies. D.E. 20, p. 2. Citing official Texas Department of Criminal Justice (TDCJ) grievance policies, he argues that Defendants failed to follow proper grievance procedures because they did not return the grievance to him or notify him that the grievance was deficient when it was filed. *Id*. Instead, Defendants processed the grievance after interpreting it to address dental issues. Plaintiff now argues that his grievance was intended to address Hepatitis-C issues.

TDCJ's interpretation of his grievances to be complaining about dental issues was appropriate because Plaintiff gave detailed complaints regarding dental care as opposed to the one sentence that he included about Hepatitis treatment. *See* D.E. 10-1, pp. 11-14. TDCJ then addressed his concerns regarding these dental issues and properly processed Plaintiff's grievances. *See id*.; *see Davis v. Evans*, No. 5:15CV138, 2016 WL 11200187,

at \*4 (E.D. Tex. Dec. 9, 2016), *report and recommendation adopted*, No. 5:15-CV-00138-RWS, 2017 WL 892117 (E.D. Tex. Mar. 7, 2017) (finding that plaintiff failed to exhaust his administrative remedies against one defendant because he failed to follow proper TDCJ grievance procedures where the TDCJ grievance department interpreted his grievance as complaining about a different defendant and answered that issue).

The TDCJ Offender Orientation Handbook states that inmates should "[p]resent only one issue per grievance," and that "[g]rievances that do not meet the following established screening criteria may be returned to you unprocessed…." Texas Department of Criminal Justice, Offender Orientation Handbook (February 2017), https://www.tdcj.texas.gov/documents/Offender_Orientation_Handbook_English.pdf. This procedure does not preclude the TDCJ from processing a grievance as it understands it. Nor does it require that TDCJ return an improper grievance to the inmate, just that the grievance *may* be returned unprocessed. *See id*.

The Magistrate Judge's analysis of Plaintiff's failure to exhaust his administrative remedies is correct because Plaintiff's grievances included multiple issues and failed to give the TDCJ proper notice and opportunity to address his complaints regarding Hepatitis treatment. *See* D.E. 19, pp. 8-13. Plaintiff's third objection is therefore **OVERRULED**.

Fourth, in his objections, Plaintiff requests for the first time a stay pursuant to *Rhines v. Weber*, 544 U.S. 269 (2005). D.E. 20, p. 3; *see* D.E. 10, 17, 18. This issue was not before the Magistrate Judge and is waived. *See Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994). In addition, the *Rhines* Court recognized the discretion to grant a stay in habeas proceedings where there were both exhausted and unexhausted claims. 544 U.S. 269. This is not a

habeas proceeding, there are no unexhausted claims that remain subject to exhaustion, and Plaintiff's request for a *Rhines* stay is therefore **DENIED**.

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's Memorandum and Recommendation, as well as Plaintiff's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the Magistrate Judge's Memorandum and Recommendation to which objections were specifically directed, the Court **OVERRULES** Plaintiff's objections and **ADOPTS** as its own the findings and conclusions of the Magistrate Judge. Accordingly,

(1) Defendants' Motion to Dismiss (D.E. 16) is **GRANTED** and Plaintiff's claims are **DISMISSED with prejudice**; and,

(2) Plaintiff's Motion for Declaratory Judgment (D.E. 18) is **DENIED** as moot.

(3) It is **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g), and the Clerk of Court is **INSTRUCTED** to send notice of this dismissal to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

This action is **DISMISSED** in its entirety.

ORDERED on May 12, 2023.

*Nelva Gonzales Ramos*
Nelva Gonzales Ramos
United States District Judge